```
               UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION


UNITED STATES OF AMERICA,

           Plaintiff,
v.                                  CASE NO. 8:13-cv-2739-T-33AEP

DAVID M. BUDBILL,

           Defendant.
_____/
```

### **ORDER**

This cause comes before the Court pursuant to Plaintiff United States of America's Motion for Summary Judgment (Doc. # 10), which was filed on November 27, 2013. Defendant David M. Budbill, representing himself *pro se*, failed to file a response in opposition to the Motion. Accordingly, the Court considers the Motion for Summary Judgment as an unopposed Motion.

However, this Court is not permitted to grant the Motion for Summary Judgment solely because such Motion is unopposed. Minhngoc P. Tran v. Boeing Co., 190 F. App'x 929, 932 (11th Cir. 2006)("district court cannot grant summary judgment just because the motion was unopposed, but must at least review all the evidentiary materials submitted in support of the

motion for summary judgment to ensure the motion is supported").

Here, the Court grants the Motion based upon its review of the entire record, viewing the evidence in the light most favorable to Budbill as the non-movant, and based upon its finding that the Government is entitled to judgment as a matter of law in this student loan default case.

I.  **Factual Background and Procedural History**

On or about June 4, 1998, Budbill obtained a student loan (Account No. 2010A47166) in the amount of $3,000.00 at a variable interest rate to be established annually. (Doc. # 10, Ex. A). The loan was made by the U.S. Department of Education under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a *et seq*. (Id.). The Department of Education demanded payment according to the terms of the note, and Budbill defaulted on the obligation on March 4, 2002. (Id.). Pursuant to 34 C.F.R. § 685.202(b) a total of $68.95 in unpaid interest was capitalized and added to the principal balance. (Id.). The Department of Education has credited a total of $211.26 in payments from all sources,

2

including Treasury Department offsets, if any, to the balance. (Id.).

Furthermore, on or about January 24, 2000, Budbill obtained a student loan (Account No. 2010A47185) in the amount of $3,972.00 at a variable interest rate to be established annually. (Id. at Ex. B). The loan was also made by the Department of Education under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a *et seq*. (Id.). The Department of Education demanded payment according to the terms of the note, and Budbill defaulted on the obligation on March 4, 2002. (Id.). Pursuant to 34 C.F.R. § 685.202(b) a total of $135.41 in unpaid interest was capitalized and added to the principal balance. (Id.). The Department of Education has credited a total of $280.94 in payments from all sources, including Treasury Department offsets, if any, to the balance. (Id.).

On October 24, 2013, the Government initiated this default of student loan action against Budbill. (Doc. # 1). Thereafter, on November 14, 2013, Budbill filed a letter, which this Court construed as an Answer indicating he "incurred this debt and [has] every intention to work this

3

out with both parties as deemed possible on my behalf according to my abilities." (Doc. # 8). Subsequently, on November 27, 2013, the Government filed the present Motion for Summary Judgment. (Doc. # 10). In its Motion for Summary Judgment, the Government requests that this Court grant its Motion and impose a judgment in the amount of $12,126.95 [($3,065.95 in principal and $1,752.67 at the variable rate of 3.28% in interest for Account No. 2010A47166) and ($4,107.41 in principal and $1,940.92 at the variable rate of 2.48% in interest for Account No. 2010A47185) and (taxed costs in the amount of $1,260.00 consisting of a Fee for Service and Travel, per 28 U.S.C. § 1921 of $40.00 plus Attorney's Fees of $1,220.00)]. (Id. at 2).

## II. Legal Standard

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742

4

(11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See id. When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. See id.

### III. Analysis

"In a suit to enforce a promissory note, where the claimant establishes, through pleadings, exhibits, and affidavits, the existence of the note, the borrower's default, and the amount due under the note, the claimant has

5

established a prima facie case. The burden then shifts to the borrower to establish that the amount is not due and owing. In the absence of such proof, summary judgment in favor of the claimant is appropriate." United States v. Pelletier, No. 8:08-cv-2224-T-33EAJ, 2009 WL 800140, at *2 (M.D. Fla. Mar. 24, 2009)(quoting United States v. Irby, 517 F.2d 1042, 1043 (5th Cir. 1975)).

The material facts in this case are not disputed. Budbill incurred the obligations under the notes identified by the Government[1] and Budbill defaulted. Budbill has presented no defenses in this matter and it appears that he does not contest the entry of the requested judgment against him. Accordingly, the Government's Motion for Summary Judgment is due to be granted.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff United States of America's Motion for Summary Judgment (Doc. # 10) is **GRANTED.**

---

[1] This Court notes that the Government has attached to the Motion for Summary Judgment the Certificate of Indebtedness for Account No. 2010A47166 and Account No. 2010A47185. (Doc. # 10, Ex. A-B).

6

(2) The Clerk is directed to enter judgment in favor of Plaintiff United States of America and against Defendant David M. Budbill in the amount of $12,126.95.

(3) This judgment shall bear interest at the rate as prescribed by 28 U.S.C. § 1961, and shall be enforceable as prescribed by 28 U.S.C. § 2001, *et seq.,* 28 U.S.C. § 3001-3307, and Rule 69(a), Federal Rules of Civil Procedure.

(4) The Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of December, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record